IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Joseph Lee McFadden, # 346693, | ) C/A No. 4:12-0023-TLW-KDW |
|---|---|
| Plaintiff, | ) |
| v. | ) Report and Recommendation |
| Lake City Municipal Court, | ) |
| Defendant. | ) |

I.   Background

Plaintiff is an inmate at the Ridgeland Correctional Institution of the South Carolina Department of Corrections ("SCDC"). The SCDC website (https://sword.doc.state.sc.us/scdc-public/, last visited February 21, 2012) indicates Plaintiff is serving a ten-year sentence for second-degree burglary (non-violent). Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the Lake City Municipal Court with respect to an allegedly false arrest and criminal charge (I332596) of grand larceny. Plaintiff states that he was found "not guilty" of grand larceny. Plaintiff contends that his arrest was made without probable cause. In his prayer for relief, Plaintiff seeks release from prison, twenty-five million dollars, and transportation to the "D.M.V." (Department of Motor Vehicles) in Florence to obtain a state-issued identification card.

II.   Discussion

Under established local procedure in this judicial district, the court has carefully reviewed[1] Plaintiff's pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

Litigation Reform Act, and the following cases: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a pro se litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 & n.7 (1980) (*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). Even so, a plaintiff must plead factual content that allows the court to draw the reasonable inference that a defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Even when considered under this standard, however, Plaintiff's § 1983 Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

This case is not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff was found not guilty on the grand larceny charge. Nevertheless, because he was indicted on the charge,[2] his allegations

---

[2] The Public Index for the Florence County Clerk of Court (http://publicindex.sccourts.org/florence/publicindex/PISearch, last visited on February 21, 2012) indicates that Case No. I332596 became Indictment No. 2010-GS-21-01354 after Plaintiff was indicted. A federal court may take judicial notice of factual information located in postings on governmental websites in the United States. *Mitchell v. Newsom*, C/A No. 3:11-0869-CMC-PJG, 2011 WL 2162723, *3 n. 1 (D.S.C. May 10, 2011) (collecting cases), *adopted*, 2011 WL 2162184 (D.S.C. June 1, 2011). *See also In Re Katrina Canal Breaches Consol. Litigation*, 533 F. Supp. 2d 615, 631-33 & nn. 14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); and *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating). *Cf. Philips v. Pitt*
(continued...)

of false arrest fail. A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983. *See Gatter v. Zappile,* 67 F. Supp. 2d 515, 519 (E.D. Pa. 1999) (collecting cases holding that a grand jury indictment is affirmative evidence of probable cause), *aff'd*, 225 F.3d 648 (3d Cir. 2000); *Sibdhannie v. Coffey*, No. CIV. A. 06-3394(PGS), 2006 WL 3780778 (D.N.J. Dec. 21, 2006) ("A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983."), which are cited in *Provet v. South Carolina*, C/A No. 6:07-1094-GRA-WMC, 2007 WL 1847849 (D.S.C. June 25, 2007).

The Lake City Municipal Court is a court in the State of South Carolina's unified judicial system. *See* S.C. Const. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 376 S.E.2d 271, 272 (S.C. 1989); *Spartanburg Cnty. Dept. of Soc. Servs. v. Padgett*, 370 S.E.2d 872, 875-76 & n. 1 (S.C. 1988); and *Cort Indus. Corp. v. Swirl, Inc.*, 213 S.E.2d 445, 446 (S.C. 1975). The entity known as the South Carolina Court Administration operates the State of South Carolina's unified judicial system pursuant to the authority delegated by the Supreme Court of South Carolina. *See Bailey v. State*, 424 S.E.2d 503 (S.C. 1992).

Because the Lake City Municipal Court is part of the State of South Carolina's unified judicial system, it is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Fed. Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743 (2002);

---

(...continued)
*Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record.").

*Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706, 713 (1999) (immunity "is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today . . . except as altered by the plan of the Convention or certain constitutional Amendments"); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Virginia v. Reinhard*, 568 F.3d 110 (4th Cir. 2009); *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

Finally, Plaintiff cannot obtain his release from prison in this civil rights action. *See Heck v. Humphrey*, 512 U.S. at 481 (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); and *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983).

III.     Recommendation

Accordingly, it is recommended that the above-captioned case be dismissed without prejudice and without service of process. Plaintiff's attention is directed to the Notice on the next page.

IT IS SO RECOMMENDED.

February 21, 2012                                       Kaymani D. West
Florence, South Carolina                            United States Magistrate Judge

4

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
Post Office Box 2317
Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).